Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMANDA PHILHOWER,<br><br>                   Plaintiff,<br><br>v.<br><br>EXPRESS RECOVERY SERVICES, INC. &<br>EDWIN B. PARRY, P.C.,<br><br>                   Defendants. | **COMPLAINT**<br><br><br>Case No: 2:12-cv-01193-EJF<br><br><br>**JURY TRIAL DEMANDED** |

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants'

violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter

"FDCPA").

## II.  JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d),

and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III.  PARTIES

3.      Plaintiff, Amanda Philhower ("Plaintiff"), is a natural person residing in Salt Lake

County, Utah.

4.      Defendant, Express Recovery Services, Inc., ("Defendant Fair Express") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant Express regularly attempts to collect debts alleged due another.

5.      Defendant, Edwin B. Parry, P.C., ("Defendant Parry") is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant Parrry regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

6.      Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8.      All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

9.      Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

10.      Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including Defendant Express, through its attorney, Defendant Parry, filing suit before the dispute period ended without disclosing to Plaintiff the effect that a timely dispute would have on the lawsuit (§ 1692g(b)).

11.      Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff in a November 29, 2011, letter to Plaintiff, including promising that Defendant would provide Plaintiff thirty days in which to dispute the debt, where Defendant

had no intent of waiting until the expiration of the thirty-day period to file suit, and without explaining to Plaintiff what the effect would be of a dispute that was received within the described thirty-day period on any lawsuit filed by Defendant within that period.  The letter was also misleading because Defendant used language indicating to Plaintiff that she had the right to stop collection action with a dispute, whereas Defendant did not actually believe that it was required to do so under the law. The discovery rule applies to this letter because Plaintiff did not and could not have realized the letter was misleading until after Plaintiff was served with a lawsuit on January 2, 2011  (§ 1692e(10)).

12.     Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including Defendant Express, by and through Defendant Parry, threatening to attempt to obtain a judgment against Plaintiff for a debt to a therapist that was already paid.  Defendant filed suit for the debt but then withdrew it voluntarily, indicating a lack of intent to actually pursue the claim in court as threatened (§ 1692e(5)).

13.     Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant Express, by and through Defendant Parry, filing suit against Plaintiff for a debt to a therapist that Plaintiff did not owe or had already paid (§ 1692e(2)(A)).

14.     As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15.     Defendants intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16.     Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

17.     To the extent Defendants' actions, detailed in paragraphs above, were carried out by an employee of either Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18.     Plaintiff reincorporates by reference all of the preceding paragraphs.

19.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692e & 1692g.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.     Declaratory judgment that Defendants' conduct violated the FDCPA;

B.     Actual damages pursuant to 15 U.S.C. § 1692k;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.     For such other and further relief as may be just and proper.

////

////

////

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 20th day of December, 2012.

                                        **TRIGSTED LAW GROUP, P.C.**


                                        _____s/Joshua Trigsted_____
                                        Joshua Trigsted
                                        *Attorney for the Plaintiff*