IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMANDA PHILHOWER<br><br>      Plaintiff,<br><br>v.<br><br>EXPRESS RECOVERY SERVICES INC. AND EDWIN B. PARRY, P.C.,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 2:12-cv-01193 DN<br><br>District Judge David Nuffer |

Defendant Express Recovery Services Inc. ("Express") filed a motion requesting attorneys' fees pursuant to 15 U.S.C. 1692k(a)(3) and 28 U.S.C. § 1927.[1] That motion is denied.

## INTRODUCTION

Express and Express's attorney, Edwin Parry ("Parry"), attempted to collect a debt allegedly owed by Plaintiff Amanda Philhower ("Philhower"). Philhower filed suit against Express and Parry claiming that their attempts violated various sections of the Fair Debt Collection Practices Act[2] ("FDCPA").[3] Only one of those claims is at issue here.

The FDCPA requires that debt collectors provide a written notice informing debtors that they have thirty days to request additional information concerning the nature of the alleged debt and to dispute its validity.[4] While a debt collector may continue collection attempts during this thirty-day period, "any collection activities and communication during the 30-day period may

---

[1] Defendant's Motion for an Order Finding Plaintiff's Complaint Filed in Bad Faith, for Purposes of Harassment and Actions Taken by Plaintiff and Her Attorney Were Vexatious (Motion for Attorneys' Fees), docket no. 48, filed March 7, 2014.

[2] 15 U.S.C. §§ 1692–1692p (2012).

[3] Complaint, docket no. 2, filed Dec. 21, 2012.

[4] 15 U.S.C. § 1692g(a)(1)–(3).

not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."[5] Collections activities "overshadow" the notice when the activities are likely to confuse the "least sophisticated consumer" regarding the rights to request the additional information or to dispute the validity of the debt.[6]

Philhower alleged that Express and Parry overshadowed the notice required by the FDCPA when they filed suit to collect her debt within the thirty-day period.[7] Express moved for summary judgment as to all of the FDCPA claims against it,[8] and Parry joined that motion.[9] In her opposition to summary judgment, Philhower withdrew the overshadowing claim against Express but not against Parry.[10] With respect to the overshadowing claim against Parry, the court held that the suit against Philhower could overshadow the required notice only if Philhower was aware of the suit during the thirty-day period.[11] Though Philhower claimed that the summons and complaint *might* have been served on her at the end of the thirty-day period, she did not claim—much less provide any evidence to support the claim—that the summons and complaint *were* served on her during the thirty-day period. As a result, Parry's motion for summary judgment was granted on the claim that he overshadowed the FDCPA notice.[12]

---

[5] *Id*. § 1692g(b).

[6] *See*, *e.g.*, *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996); *Solomon v. HSBC Mortg. Corp. (USA)*, CIV-09-200-C, 2012 WL 1066141, at *3 (W.D. Okla. Mar. 29, 2012) *aff'd sub nom. Solomon v. Baer & Timberlake, P.C.*, 504 F. App'x 702 (10th Cir. 2012).

[7] Complaint at 2, ¶ 10; Amended Complaint at 2, ¶ 10, docket no. 25, filed May 7, 2013.

[8] Defendant's (Express) Motion for Summary Judgment, docket no. 29, filed Sept. 17, 2013.

[9] Joinder in Express Recovery Services [sic] Motion for Summary Judgment and Defendant Edwin B. Parry's Motion for Summary Judgment and Response to Plaitniff's [sic] Motion for Partial Summary Judgment, docket no. 35, filed Nov. 14, 2013.

[10] Plaintiff's Response to Defendant Express Recover Services, Inc.'s Motion for Summary Judgment at 5, docket no. 30, filed Oct. 17, 2013.

[11] Memorandum Decision and Order Granting Partial Summary Judgment at 11, docket no. 46, filed Feb. 21, 2014.

[12] *Id*. at 12.

Express claims that Philhower's "conduct as it pertains to the overshadowing claim can be viewed as nothing less than bad faith conduct, engaged in for the purpose of harassing Express."[13] In particular, Express notes that Philhower's attorney was aware prior to filing suit that there was no evidence Philhower had been served with the summons and complaint during the thirty-day period.[14] Express also notes that Philhower maintained the overshadowing claim against Express throughout discovery, only to drop it in opposition to summary judgment.[15]

## DISCUSSION

Attorneys' fees are appropriate under 15 U.S.C. § 1692k(a)(3) only if the court finds that "the action was brought in bad faith and for the purpose of harassment . . . ."[16] The defendant has the burden to show that the plaintiff knew that "the claim was meritless *and* that he pursued the claim for the purposes of harassment."[17] If the defendant makes such a showing, "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."[18] Even if the defendant shows that the action was brought in bad faith and for the purpose of harassment, the court has discretion whether to award attorneys' fees.[19]

28 U.S.C. § 1927 provides that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

---

[13] Motion for Attorneys' Fees at 3.

[14] *Id*. at 3–4.

[15] *Id*.

[16] 15 U.S.C. 1692k(a)(3) (2012).

[17] *Krapf v. Nationwide Credit Inc.*, SACV 09-00711 JVSMLG, 2010 WL 2025323, at *5 (C.D. Cal. May 21, 2010) (emphasis in original). *See also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985) (holding that the defendant has the burden to show that action was brought in bad faith and for purposes of harassment).

[18] 15 U.S.C. § 1692k(a)(3).

[19] *See Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011) ("When a defendant prevails *and* the court finds that the suit was brought in bad faith and for the purpose of harassment, then (in the court's discretion) that defendant may *also* recover attorney's fees.") (emphasis in original) *aff'd*, 133 S. Ct. 1166, 185 L. Ed. 2d 242 (2013).

conduct."[20] Sanctions may be appropriate against an attorney under § 1927 when the "attorney is cavalier or bent on misleading the court, intentionally acts without a plausible basis, when the entire course of the proceedings was unwarranted, or when certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of the litigation."[21] Because sanctions under § 1927 are intended to be penal in nature, the power to sanction "must be strictly construed and utilized only in instances evidencing a serious and standard [sic] disregard for the orderly process of justice . . . ."[22] The court has discretion whether to award fees under § 1927.

Express's justification for an award of attorneys' fees is the same with respect to both statutes: Philhower and her attorney were allegedly aware both before filing suit and after discovery that there was no evidence that Philhower was served with the summons and complaint during the thirty-day period. With respect to both statutes, Express claims that Philhower and her attorney pursued the overshadowing claim against Express in bad faith, knowing that it was meritless.

An award of attorneys' fees is not appropriate. It may be that Philhower and her attorney were aware of the lack of evidence that Philhower had been served with the summons and complaint during the thirty-day period. Even if so, Philhower's theory with respect to overshadowing did not depend on whether the summons and complaint was served during the thirty-day period. In her initial complaint, Philhower alleges that Express overshadowed the notice required by the FDCPA by "*filing suit* before the dispute period ended . . . ."[23] Philhower

---

[20] 28 U.S.C. § 1927 (2012).

[21] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotation marks and citations omitted).

[22] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (internal quotation marks and citations omitted).

[23] Complaint at 2, ¶ 10 (emphasis added).

4

made the same allegation in her amended complaint.[24] The summary judgment order held that filing suit could not overshadow the FDCPA notice unless the consumer was aware of the suit. Plaintiff's contrary view is not wholly unreasonable, though. Pursuing a claim that depends upon a legal theory which, though incorrect, is nevertheless colorable is not bad faith or vexatious conduct.[25]

Express emphasizes that Philhower dropped the overshadowing claim in her opposition to summary judgment and did so with little explanation.[26] This fact is insufficient to show that the overshadowing claim was brought in bad faith and for purposes of harassment or that the proceedings were needlessly extended and multiplied. Express did not move to dismiss the overshadowing claim under Federal Rule of Civil Procedure Rule 12(b)(6). As a result, Philhower "acquiesced" to Express's "first and only attempt" to eliminate the claim.[27] Merely filing a meritless claim is not vexatious conduct.[28] Litigants have an obligation under § 1927 to constantly reassess the merits of their claims.[29] Philhower and her attorney did not fail with respect to this obligation by advancing a colorable legal theory in support of her overshadowing claim and withdrawing that claim in response to Express's summary judgment motion.

---

[24] Amended Complaint at 2, ¶ 10.

[25] *See*, *e.g.*, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940–41 (9th Cir. 2007) (upholding the district court's determination that an award of attorneys' fees was not appropriate under § 1692k(a)(3) when the plaintiff's argument was "minimally colorable" and the defendant provided only a "conclusory assertion that [the plaintiff's] claims were frivolous"); *Stephan v. Brookdale Sr. Living Communities, Inc.*, No. 12-CV-00989-LTB, 2013 WL 673292, at *3 (D. Colo. Feb. 25, 2013) (refusing to award attorneys' fees under § 1927 when the plaintiff's arguments, though "wrong," were colorable); *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1238 (D. Kan. 2011) (refusing to award attorneys' fees under § 1692k(a)(3) when the plaintiff's theory of liability was colorable).

[26] Reply in Support of Defendant's Motion for an Order Finding Plaintiff's Complaint Filed in Bad Faith, For Purposes of Harassment, and Actions Taken by Plaintiff and Her Attorney Were Vexatious at 2–3, docket no. 53, filed Apr. 6, 2014.

[27] *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006) (reversing the trial court's award of attorneys' fees under § 1927 with respect to one of plaintiff's claims when the plaintiff withdrew the claim in response to the defendant's motion to dismiss, though the plaintiff did not voluntarily withdraw the claim earlier).

[28] *Id.* at 1224.

[29] *Id*.

Finally, there is an additional and independent reason that attorneys' fees are not appropriate under § 1692k(a)(3). That section provides that the court may award attorneys' fees when "*the action* was brought in bad faith and for the purpose of harassment . . . ."[30] The only Circuit Court of Appeals to address the issue held that the clear terms of the provision imply that fees are appropriate only where the defendant shows that the entire action—and not some individual claim—was brought in bad faith.[31] Express argues only that Philhower's overshadowing claim was brought in bad faith and for the purpose of harassment. Though the remaining claims against Express were dismissed on summary judgment, that does not suggest that those claims were brought in bad faith or for the purpose of harassment.

Express has not met its burden under either 15 U.S.C. § 1692k(a)(3) or 28 U.S.C. § 1927. While Philhower's overshadowing claim was ultimately without merit, there is insufficient evidence that Philhower or Philhower's attorney were acting in bad faith, for purpose of harassment, or that they were unreasonably or vexatiously multiplying court proceedings. Express's motion for attorneys' fees is denied.

---

[30] 15 U.S.C. 1692k(a)(3) (2012)(emphasis added).

[31] *See Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769, 775 (7th Cir. 2003) (holding that attorneys' fees are appropriate only where the defendant shows that the entire suit for recovery under the FDCPA, and not some single FDCPA claim in the suit, was brought in bad faith and for the purpose of harassment).

**ORDER**

IT IS HEREBY ORDERED that Express Recovery Services Inc.'s Motion for an Order Finding Plaintiff's Complaint Filed in Bad Faith, for Purposes of Harassment and Actions taken by Plaintiff and her Attorney Were Vexatious[32] is denied.

Dated April 23, 2014.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[32] Docket no. 48, filed Mar. 7, 2013.