IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMANDA PHILHOWER,<br><br>                      Plaintiff,<br>v.<br><br>EXPRESS RECOVERY SERVICES and<br>EDWIN B. PARRY, P.C.,<br><br>                      Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:12-CV-1193-DN<br><br>District Judge David Nuffer |

After a discussion of the trial issues at the final pretrial conference,[1] the court requested supplemental briefing on Plaintiff Amanda Philhower's claim that the November 29, 2011 letter from Defendant Edwin Parry contained false or deceptive statements under 15 U.S.C. § 1692e. The court wanted direct authority for the proposed jury instruction for such a claim.[2] *Ditty v. CheckRite, Ltd., Inc.*[3] was the only case Philhower cited to support the claim in the jury instruction or trial brief,[4] and the court believed that this case actually ran counter to Philhower's claim.

When the November 29, 2011 letter was sent, Philhower had already received an initial communication letter from Express Recovery Services setting out her validation rights as required under 15 U.S.C.§ 1692g. She claims that Parry's subsequent letter disclosing validation

---

[1] Final Pretrial Conference Minute Entry, docket no. 65, August 28, 2014.

[2] Joint Proposed Jury Instructions at 3-4, docket no. 61, filed August 19, 2014.

[3] 973 F.Supp. 1320 (D. Utah 1997).

[4] *Id.*; Trial Brief, docket no. 64, filed August 26, 2014.

is false or deceptive because those validation rights no longer existed. In the supplemental briefing, the parties stated that they were unable to find any reported cases on point.[5]

Section 1692e of the Fair Debt Collection Practices Act (FDCPA) proscribes the use of false, deceptive, or misleading representations by a debt collector in connection with the collection of any debt.[6] The statute provides a list of conduct that would constitute a violation of the section. Although the list does not limit the general application of the section,[7] all of the listed examples are clearly abusive collection tactics. The validation notice contained in Parry's letter, although technically inaccurate, was not the type of abusive collection activity described in section 1692e.

When assessing FDCPA claims, the court is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."[8] "[I]f a representation would not mislead or deceive with respect to the debt, it is not actionable, even if it is technically false."[9] "The FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."[10] "In other words, in order for a false

---

[5] *See* Supplemental Brief Regarding Misleading Language in Letter from Defendant (Supplemental Brief) at 1, docket no. 69, filed September 2, 2014; Defendant Ediwn [sic] B. Parry P.C.'s Response to Plaintiff's Brief Regarding Alleged Misleading Language in Letter from Defendant (Supplemental Response) at 2, docket no. 70, filed September 4, 2014.

[6] 15 U.S.C. § 1692e.

[7] *Id.*

[8] *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1034 (9th Cir. 2010).

[9] *Penn v. Cumberland*, 883 F.Supp.2d 581, 589 (E.D.Va.2012) (citing *Donohue,* 592 F.3d at 1033-34; *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596-97 (6th Cir. 2009); *Hahn v. Triumph P'ships, LLC,* 557 F.3d 755, 757-58 (7th Cir. 2009)).

[10] *Maynard v Cannon*, 401 F. App'x 389, 397 (10th Cir. 2010).

statement to violate the FDCPA, it must affect a consumer's ability to make intelligent decisions with respect to the alleged debt."[11]

Thus, even if the extra validation notice was technically false or misleading, it was ultimately harmless and did not affect Philhower's ability to make an intelligent decision regarding the debt. Philhower did not act upon the additional notice she received. Consequently, she cannot now claim she was misled or deceived by the validation language in Parry's letter. "The validation language contained [in the second notice] was gratuitous and did not violate § 1692g"[12] or § 1692e.

## ORDER

IT IS HEREBY ORDERED that Philhower's claim that the November 29, 2011 letter contained false, deceptive or misleading representations in violation of 15 U.S.C. § 1692e is not actionable as a matter of law. The claim will not be presented to the jury at trial.

Signed September 10, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[11] *Penn,* 883 F.Supp.2d at 589.

[12] *Ditty*, 973 F.Supp. at 1329.